FREEMAN v LANNING CORPORATION

1. DAMAGES—FUTURE LOSSES—PRESENT VALUE—OBLIGATION OF COURT—INSTRUCTIONS TO JURY.

Damages for future losses must be reduced to present value; the court must instruct the jury to reduce damages to present value, or must reduce damages itself, even where the parties have not requested such a reduction.

2. DAMAGES—LARGE VERDICTS—EXCESSIVENESS—INFLATION—PAST DAMAGE AWARDS.

Courts are not bound by the size of past damage awards in determining whether a current award is excessive; the courts may take note of rising prices due to past inflation in order to justify large verdicts against a charge of excessiveness.

3. DAMAGES—FUTURE LOSSES—YEARLY APPORTIONMENT—SIX-PERCENT DISCOUNT.

A damage award for the loss of future profits must be apportioned on a yearly basis and discounted at the statutory rate of six percent. (MCLA 600.6013, SJI 34.03).

Appeal from Muskegon, James F. Schoener, J. Submitted Division 3 February 14, 1975, at Detroit. (Docket No. 21185.) Decided May 30, 1975.

Complaint by A. C. Freeman, doing business as Olé Tacos, against Lanning Corporation for damages for breach of a lease agreement. Judgment

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 22 Am Jur 2d, Damages § 26.
Duty to instruct, and effect of failure to instruct, jury as to reduction to present worth of damages for future loss on account of death or personal injuries. 154 ALR 796.

[2] 22 Am Jur 2d, Damages §§ 368, 369.
Changes in cost of living or in purchasing power of money as affecting damages for personal injuries or death. 12 ALR 2d 611.

for plaintiff. Defendant appeals. Reversed and remanded.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for plaintiff.

*Cochran, Vander Ploeg, Collinge & Silky,* for defendant.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

LESINSKI, C. J. Plaintiff A. C. Freeman sued defendant Lanning Corporation for breach of a written lease agreement. The trial court heard the case without a jury and returned a judgment for plaintiff. Defendant appeals as of right and contests only the trial court's computation of damages.

Defendant granted plaintiff a lease of space in a shopping center in which plaintiff would operate a fast-food Mexican restaurant. As part of this lease, the parties agreed that plaintiff could sell milk shakes in his business. However, defendant had previously granted another party the exclusive right to sell dairy products in the center. The party with the exclusive right to sell dairy products in the center obtained specific performance of his exclusive dealing agreement against both plaintiff and defendant. Subsequently plaintiff sued defendant for the loss he would sustain over the term of the lease by reason of his inability to sell milk shakes. The trial court determined that 1.8% of plaintiff's business would have been the sale of milk shakes and that the profit margin on the shakes was between 53 and 62%. The court then computed damages as follows:

"The Court then projects that the operation of this K-Mart location by Olé Taco will, over the entire 15 years, eventually gross $1,421,000. 1.8 percent of that gross, as the Court computed, is $25,578, and the profit thereof, which the plaintiff has been denied, would be at 60 percent, or $15,346.80."

Defendant now complains that the trial court erred in entering judgment for $15,346.80, as the full amount of future damages, without first reducing such damages to their present value.

Michigan law clearly requires that damages for future losses be reduced to present value. *E.g., Currie v Fiting,* 375 Mich 440, 454; 134 NW2d 611, 616 (1965), *Nagi v Detroit United Railway,* 231 Mich 452, 461; 204 NW 126, 129–130 (1925), *Bruno v Detroit Institute of Technology,* 51 Mich App 593, 599–600; 215 NW2d 745, 749 (1974), *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973). The court must instruct the jury to reduce damages to present value, or must do so itself, even where the parties have not requested such a reduction. See *Currie v Fiting, supra; Nagi v Detroit United Railway, supra.* A reduction to present value is necessary because money itself possesses earning power and usually increases itself over time. To grant recovery in the full amount of future damages in effect overcompensates a plaintiff by the amount of interest which the money earns. See *Rivers v Bay City Traction & Electric Co,* 164 Mich 696, 708–710; 128 NW 254; 131 NW 86 (1910). In order to prevent such overcompensation our courts have uniformly required the reduction of prospective damages to present worth.

Plaintiff argues, however, that reduction to present value actually results in undercompensation for losses sustained in the future. Because the

current rate of inflation is high, the earning power of money at low interest rates is more than offset by the depreciation in the purchasing power of money. Thus, given the statutory interest rate of 6 percent[1] and a hypothetical continuing inflation rate of 10 percent, money received as compensation today will actually depreciate at 4 percent per year, rather than appreciate. It is apparent, plaintiff contends, that the trial court took account of the effect of inflation on his recovery and reached an equitable solution by refusing to reduce the future damages by the 6 percent discount rate. Upon this basis he urges us to affirm the trial court's award.

Courts have divided on whether an award of damages for losses suffered in the future may take account of inflationary trends in the economy. No Michigan cases have directly addressed this question. A large number of other jurisdictions have refused to allow consideration of rising costs in fixing prospective damages. *Frankel v Heym,* 466 F2d 1226 (CA 3, 1972), *aff'g Frankel v United States,* 321 F Supp 1331 (ED Pa, 1970), *Petition of United States Steel Corp,* 436 F2d 1256 (CA 6, 1970), *Williams v United States,* 435 F2d 804 (CA 1, 1970), *Armentrout v Virginian R Co,* 72 F Supp 997 (SD W Va, 1947), *rev'd on other grounds,* 166 F2d 400 (CA 4, 1948), *Raines v New York Central R Co,* 129 Ill App 2d 294; 263 NE2d 895 (1970), *Zaninovich v American Airlines, Inc,* 26 App Div 2d 155; 271 NYS2d 866 (1966). The principal argument advanced against considering the effects of economic trends on damage recoveries is that such trends are inherently unpredictable. In addition, it is said, a plaintiff may place his award in investments which gain a higher return than the statu-

---

[1] MCLA 600.6013; MSA 27A.6013.

tory interest rate, and the adverse effects of inflation will thus be reduced.[2]

Plaintiff contends, upon the authority of *Normand v Thomas Theatre Corp,* 349 Mich 50, 61–62; 84 NW2d 451, 456 (1957), that the trial court was entitled to take judicial notice of the effects of inflation in fixing damages and that the court took account of such effects. *Normand* and cases like it stand only for the principle that courts need not be bound by the size of past awards in determining whether a current award is excessive. Rather they may take note of rising prices due to past inflation in order to justify large verdicts against a charge of excessiveness. See *Williams v United States,* 435 F2d 804, 807 (CA 1, 1970).

The trial court erred in not reducing the plaintiff's recovery to present value. We remand this cause for a recomputation according to the formula provided in SJI 34.03. We note that this requires that the total award found by the trial judge be apportioned on a yearly basis and discounted at the statutory rate of 6 percent. MCLA 600.6013; MSA 27A.6013.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to defendant.

---

[2] A prominent text has called this justification "unrealistic". 2 Harper & James, *Law of Torts,* § 25.11, p 1325, fn 8. A few other jurisdictions also reject this reasoning. *See, e.g., Beaulieu v Elliott,* 434 P2d 665 (Alas, 1967), *Schnebly v Baker,* 217 NW2d 708 (Iowa, 1974).