HARPER v NATIONAL SHOES, INC

Docket No. 78-2550. Submitted August 28, 1979, at Detroit.—Decided October 5, 1979.

Channell Harper accompanied her mother and aunts to defendant's shoe store where she walked into the corner of a glass shelf, injuring her left eye. Shirley Harper, individually and as next friend of Channell Harper, filed suit, alleging negligence in that flashing lights and mirror tiles in defendant's store, which distracted Channell, rendered the premises unreasonably dangerous and proximately caused the injury. Jury verdict and judgment for plaintiff, Wayne Circuit Court, Carl J. Ingraham, J. Defendant appeals, alleging that the court erred (1) in permitting testimony by a plaintiff's witness after plaintiff had indicated, in response to defendant's interrogatories, that there were no eyewitnesses, and (2) in failing to instruct the jury on the reduction of future damages to present cash value. *Held:*

1. Where deposition testimony by plaintiff's witness put defendant on notice as to the possible extent of testimony at trial, the court did not abuse its discretion in refusing to limit plaintiff's proofs in light of her answer to defendant's interrogatories.

2. The court's failure to instruct the jury of its obligation to reduce an award of future damage to present value constitutes error, however, such error did not result in manifest injustice requiring a new trial as to damages or a remand for *remittitur.* Affirmed.

1. TRIAL — LIMITATION OF PROOFS — INTERROGATORIES — COURTS — JUDICIAL DISCRETION.

Answers to interrogatories may limit the issues and define the

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery §§ 155 *et seq.,* 292.
Answers to interrogatories as limiting answering party's proof at state trial. 86 ALR3d 1089.
[2] 5 Am Jur 2d, Appeal and Error § 891.
75 Am Jur 2d, Trial § 915.
[3] 5 Am Jur 2d, Appeal and Error § 891.
[4] 22 Am Jur 2d, Damages § 26.
[5] 22 Am Jur 2d, Damages § 349.

contentions of the parties, however, a party should not be held irrevocably to them; the court has discretion to limit the proof in the light of answers to interrogatories, but its discretion should be exercised with attention to the view that judgment be given on the facts as they actually exist.

2. TRIAL — INSTRUCTIONS TO JURY — FAILURE TO INSTRUCT — OBJECTIONS — COURT RULES.
   No party may assign as error the trial judge's failure to give a jury instruction unless that party objects thereto before the jury retires to begin its deliberations (GCR 1963, 516.2).

3. APPEAL — JURY INSTRUCTIONS — MANIFEST INJUSTICE.
   The Court of Appeals may, to prevent manifest injustice, take note of jury instructions which err with respect to basic and controlling issues even though no objection thereto was made before the jury retired.

4. DAMAGES — FUTURE LOSSES — PRESENT VALUE.
   An award of damages for future losses must be reduced to present value.

5. DAMAGES — FUTURE DAMAGES — JURY INSTRUCTIONS — ABSENCE OF REQUEST.
   A trial court is under an obligation to instruct the jury that an award for future damages is to be reduced to present value even in the absence of a request for such an instruction.

*Rains, Block & Dean,* for plaintiff.

*Lakin & Worsham, P.C.,* for defendant.

Before: J. H. GILLIS, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. This is a negligence action. On July 26, 1972, Channell Harper, then 3 years old, accompanied her mother and aunts who were shopping at the Crosby Shoe Store. Crosby was owned by the defendant. While her mother was looking at shoes in another part of the store, Channell walked into the corner of a glass shelf, striking her left eye. Plaintiff alleged that Channell was distracted by certain flashing lights and

mirror glass tiles. Plaintiff further alleged that those conditions rendered the premises unreasonably dangerous and that this proximately caused the injury.

Trial was held in Wayne County Circuit Court on May 16-18, 1978. At the conclusion, the jury returned a verdict of $11,000 in plaintiff's favor. The defendant appeals from the judgment entered pursuant thereto as a matter of right. GCR 1963, 806.1.

Defendant assigns as error the lower court's act of permitting Channell Harper's aunt, Carol Jacobs, to testify. In the course of her opening statement, plaintiff's counsel stated, "* * * we will be introducing Mrs. Harper's sister [Carol Jacobs] who was a witness to this accident * * *". Defense counsel objected to such witness testifying, claiming unfair surprise. Defendant noted that in response to its interrogatory seeking the name of any person who was an eyewitness to the accident, plaintiff replied, "None". Plaintiff responded that the witness in question was listed on the defendant's pretrial statement and incorporated by reference into the plaintiff's. Plaintiff further stated that the deposition testimony of Shirley Harper put the defendant on notice that Carol Jacobs may have been an eyewitness. It was argued that the defendant had ample opportunity to depose the witness had it so chosen. The lower court denied defendant's request for an adjournment and an opportunity to depose the witness. The trial commenced and the witness was permitted to testify.

The effect of answers to interrogatories as a basis in limiting the proofs has been explained as follows:

" 'Although answers to interrogatories may limit the

issues and define the contentions of the parties, the party should not be held irrevocably to them. The court has discretion to limit the proof in the light of answers to the interrogatories, but this is a discretion which should be exercised with attention to the view that the great goal of the rules is that the judgment be given on the facts as they actually exist.' Barron and Holtzoff, Federal Practice & Procedure § 771, at pp 391-392." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 160.

In the present case, the witness's name was listed on the defendant's pretrial statement and incorporated by reference into the plaintiff's. Furthermore, the deposition testimony of Shirley Harper, taken approximately 2-1/2 years prior to trial, indicated that the witness may have seen the accident. The defendant does not contend that it was unaware that the witness would testify but rather argues that it was unaware of the probable content of her testimony. We disagree.

The deposition testimony put the defendant on notice as to the possible extent of Carol Jacobs' testimony. This notice belies defendant's contention of unawareness. The lower court did not abuse its discretion in refusing to limit plaintiff's proofs in light of the answer to the interrogatory. The court's decision cannot be said to be the result of passion, bias, perversity of will, or illogic. *Spalding v Spalding*, 355 Mich 382; 94 NW2d 810 (1959). Permitting the witness to testify was without error.

The defendant next contends that the trial court's failure to give Standard Jury Instruction 34.03 (future damages—reduction to present cash value) mandates reversal for a new trial as to damages.

Defense counsel did not request that the instruc-

tion be given and failed to object to its exclusion. Furthermore, counsel expressed his satisfaction with the instructions as given. No party may assign as error the trial judge's failure to give a jury instruction unless that party objects thereto before the jury retires to begin its deliberations. GCR 1963, 516.2, *Hunt v Deming,* 375 Mich 581, 584; 134 NW2d 662 (1965). This preclusion is reinforced when the party also expresses satisfaction with the charge. *Baldridge v Eastman's, Inc,* 52 Mich App 1, 6; 216 NW2d 615 (1974). That is not to say that this Court may not, to prevent manifest injustice, take note of instructions which err with respect to basic and controlling issues even though objection thereto was not made before the jury retired. *Hunt v Deming, supra,* at 585.

The inquiry becomes whether the failure to instruct on the reduction of future damages was erroneous. If so, was the error of such a serious nature as to merit appellate consideration and reversal as a manifest injustice?

Michigan law requires that damages for future losses be reduced to present value. *Currie v Fiting,* 375 Mich 440, 454; 134 NW2d 611 (1965). The trial court is under an obligation to instruct the jury that they are to reduce an award of future damages to present value even in the absence of a request for such an instruction. *Freeman v Lanning Corp,* 61 Mich App 527, 529; 233 NW2d 68 (1975), SJI 34.03, GCR 1963, 516.6(2). Accordingly, the lower court's failure to so instruct was erroneous.

Under the circumstances of the present case, however, such error did not result in manifest injustice. Neither a new trial as to damages nor a remand for *remittitur* is appropriate.

Affirmed. Costs to appellee.