GOINS v FORD MOTOR COMPANY

Docket No. 66775. Submitted May 10, 1983, at Detroit.—Decided December 19, 1983. Leave to appeal applied for.

Plaintiff, Mitt Lee Goins, was discharged from his employment by Ford Motor Company. The reasons given for the discharge were an error in plaintiff's work product and the falsification of an answer in a medical history form filed by plaintiff with his application for employment. Plaintiff had previously sustained a work-related injury while employed at General Motors and had received workers' compensation benefits and did not disclose that fact in answer to a specific question on the medical history form. Plaintiff brought an action against Ford for wrongful discharge from employment, alleging that his discharge had been in violation of the Handicapper's Civil Rights Act or because he had filed a previous workers' compensation

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 117.
Practice and procedure with respect to motions for judgment notwithstanding or in default of verdict under Federal Civil Procedure Rule 50(b) or like state provisions. 69 ALR2d 449.

[2] 53 Am Jur 2d, Master and Servant §§ 27, 43.
Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

[3, 9, 10] 81 Am Jur 2d, Workmen's Compensation § 55.
Workmen's compensation: recovery for discharge in retaliation for filing claim. 63 ALR3d 979.

[4] 61A Am Jur 2d, Pleading § 32.

[5] 61A Am Jur 2d, Pleading § 329.

[6] 58 Am Jur 2d, New Trial §§ 212, 213.

[7] 5 Am Jur 2d, Appeal and Error § 835.

[8] 5 Am Jur 2d, Appeal and Error § 545 et seq.
75 Am Jur 2d, Trial §§ 906, 908.

[11, 12] 22 Am Jur 2d, Damages §§ 26, 349.
53 Am Jur 2d, Master and Servant § 62.

[13] 45 Am Jur 2d, Interest and Usury §§ 96, 97.
Retrospective application and effect of statutory provision for interest or changed rate of interest. 4 ALR2d 932.
Date of verdict or date of entry of judgment thereon as beginning of interest period on judgment. 1 ALR2d 479.

claim with his former employer. The jury returned a verdict of $450,000 in future damages in favor of plaintiff on the workers' compensation theory, and the Wayne Circuit Court, John R. Kirwan, J., reduced the award to a present value of $270,439.50 and held that, because the award was for future damages, interest on the award need only be computed from the date of the verdict rather than the date plaintiff filed the complaint. Defendant appealed from the judgment and from denial of its motions for judgment notwithstanding the verdict, new trial, or *remittitur.* Plaintiff cross appealed from the partial verdict for defendant on plaintiff's handicapper claim and from the trial court's reduction of damages and method of calculating interest thereon. *Held:*

1. The discharge of an employee because he has filed a workers' compensation claim is contrary to public policy, and an allegation that a discharge was so motivated states a legally recognized cause of action. It makes no difference that the claim was made against a former employer rather than the discharging employer.

2. Sufficient evidence was presented at trial to enable the jury to infer that the discharge of plaintiff was retaliatory. Furthermore, plaintiff's complaint set forth sufficient averments to notify the defendant that it would be required to defend a claim that plaintiff was discharged because of his filing the workers' compensation claim. Judgment notwithstanding the verdict was properly denied.

3. Defendant's failure to object at trial to the court's failure to instruct the jury on the basis for plaintiff's workers' compensation theory or that plaintiff could not argue a public policy ground if he was found to have lied on his medical history precludes appellate review absent manifest injustice.

4. The trial court properly instructed the jury that they could find a wrongful discharge if they found that the workers' compensation claim was a significant factor in the discharge. It is not necessary to prove the claim was the sole reason for discharge.

5. Jury instructions regarding future wages as damages were proper. The plaintiff's cause of action is one sounding in tort, not contract.

6. The verdict was not against the great weight of the evidence. The evidence presented on potential lost future wages was relevant, and the verdict, as based on the evidence, was not excessive.

7. The trial court properly reduced the jury's award to

present value by use of the formula presented in SJI 53.03, rather than on the percentage set forth in the statute granting interest on judgments.

8. Reduction of an award of future damages to present value is required even in the absence of any request by the defendant.

9. Interest on a judgment is to be calculated from the time the plaintiff filed his complaint. The trial court erred by allowing interest only from the date of the jury verdict.

10. The trial court adequately instructed the jury on plaintiff's theory of violation of the handicapper's act.

Affirmed, and remanded for proper computation of interest on the judgment.

1. Motions and Orders — Judgment Notwithstanding the Verdict — Support for Judgment.

A judgment notwithstanding the verdict on defendant's motion is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff; in deciding the motion, the trial court must view the evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence; if after viewing the evidence in this manner reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper.

2. Master and Servant — Discharge From Employment.

Generally, an indefinite-term employment contract is terminable at will; however, exceptions are recognized where a discharge violates a recognized public policy or the worker's statutory rights.

3. Master and Servant — Wrongful Discharge From Employment — Public Policy.

It is contrary to public policy for an employer to discharge an employee in retaliation for the employee's filing a workers' compensation claim, whether the claim was filed against the discharging employer or against a previous employer.

4. Pleading — Sufficiency of Complaint.

A complaint is sufficient to state a cause of action if it gives notice of the nature of the claim sufficient to allow the opposing party to take a responsive position (GCR 1963, 111.1[1]).

5. Pleading — Trial — Issues not Raised in Pleading.

Issues not raised in a pleading may be tried by the implied

consent of the parties and then treated as if they had been raised in the pleadings (GCR 1963, 118.3).

6. NEW TRIAL — JUDGE'S DISCRETION — APPEAL.

A trial court has the discretion to grant or deny a new trial, and its decision will not be reversed on appeal absent an abuse of discretion.

7. JURY — VERDICT — APPEAL.

A jury's verdict should not be set aside where there is competent evidence to support the verdict.

8. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

Failure to object at trial to an allegedly erroneous jury instruction precludes appellate review of the instruction absent manifest injustice (GCR 1963, 516.2).

9. EVIDENCE — WRONGFUL DISCHARGE FROM EMPLOYMENT — BURDEN OF PROOF.

A plaintiff who claims that he was unlawfully discharged from employment because he had filed a workers' compensation claim has the burden of proving that his filing of the claim was a significant factor in the employer's decision to discharge him; it is not necessary to show that it was the sole factor leading to his discharge.

10. TORTS — WRONGFUL DISCHARGE FROM EMPLOYMENT.

A claim that a plaintiff was wrongfully discharged from employment in retaliation for his having filed a workers' compensation claim is one sounding in tort, not contract.

11. DAMAGES — FUTURE DAMAGES — PRESENT VALUE — JURY INSTRUCTIONS.

The proper formula to be applied to reduce an award of future damages to present value is that found in the Standard Jury Instruction regarding such computation (SJI 53.03).

12. DAMAGES — FUTURE DAMAGES — PRESENT VALUE.

An award of future damages must be reduced to present value even in the absence of a request to do so; the trial court must instruct the jury on the reduction or must itself reduce the award to present value.

13. INTEREST — DATE OF FILING COMPLAINT.

Interest on a judgment is to be calculated from the date of the filing of the complaint, without distinction as to whether the judgment is for past or future damages (MCL 600.6013; MSA 27A.6013).

*Kelman, Loria, Downing, Schneider & Simpson* (by *George L. Downing*), for plaintiff.

*Kermit G. Bailer, Arnold G. Shulman* and *Jill MacDonald,* for defendant.

Before: HOOD, P.J., and V. J. BRENNAN and D. S. DEWITT,* JJ.

HOOD, J. Defendant appeals as of right from a December 9, 1981, jury verdict awarding damages to plaintiff for wrongful discharge from employment by defendant and from the trial court's August 31, 1982, order denying defendant's motions for judgment notwithstanding the verdict, new trial, or *remittitur.* Plaintiff cross appeals the jury's partial verdict for defendant on plaintiff's theory that he was wrongfully discharged because of a handicap and from the trial court's February 22, 1982, judgment reducing the jury's $450,000 award, stipulated to be future damages, to a present value of $270,439.50, SJI 53.03, and holding that statutory interest on the reduced award need only be paid from the date of the verdict, not from the day plaintiff filed his complaint. MCL 600.6013; MSA 27A.6013.

Defendant hired plaintiff as a labor relations employee beginning September 6, 1977, at its Woodhaven plant. Defendant discharged plaintiff on February 2, 1978.

Plaintiff testified that prior to applying for employment at the Ford Woodhaven plant, he sought similar employment at Ford's world headquarters and Monroe, Ypsilanti, and Rouge plants. Plaintiff filled out applications and medical history forms at all but the Ypsilant plant. The medical history forms asked the question, "Have you ever filed a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

state compensation claim due to industrial accident or disease?" Plaintiff said he answered the question affirmatively on all the forms but the one he completed at the Woodhaven plant. Plaintiff had sustained a work-related injury while employed for General Motors Corporation (GMC) in 1971 and received workers' compensation benefits for that injury for nearly a year. Plaintiff said he did not disclose this fact at the Woodhaven plant because interviewers at the Ford Rouge plant and world headquarters had informed him that his affirmative response might cause the defendant to deny him employment.

Plaintiff said he told William Cottrell, his supervisor at Woodhaven, during his job interview that he had a speech impediment and also a disability due to a former knee injury sustained at GMC. Plaintiff also said he informed Cottrell that he had a pending third-party negligence suit related to the injury.

In October and November 1977, defendant took time off work to attend his third-party negligence trial. Immediately before that trial, plaintiff and another labor relations employee had prepared a computer program which erroneously caused Woodhaven employees to receive a shortage in their personal holiday pay.

Upon plaintiff's return to work after his trial, Cottrell advised plaintiff he was fired because of the computer error and because Cottrell had discovered that plaintiff had falsified his answer on the medical history form. Cottrell testified at trial that plaintiff would not have been discharged for only the computer error. The principal reason for plaintiff's discharge, according to Cottrell, was his falsification on his medical history form. Cottrell said plaintiff's leg injury and speech impediment had no bearing on plaintiff's discharge.

Before submitting his case to the jury, plaintiff withdrew the civil rights action he had pled. The jury was instructed that plaintiff's theory was that he was discharged because of his handicaps in violation of the Michigan Handicapper's Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* or that he was unlawfully discharged because he had filed a previous workers' compensation claim with a former employer. The jury returned its verdict of $450,000 damages on only the latter theory.

## I

In its motions for judgment notwithstanding the verdict, new trial or *remittitur,* defendant raised several issues: (1) That there exists no cause of action for wrongful discharge of an employee for filing a workers' compensation claim during previous employment; (2) that even if such a cause of action does exist, plaintiff did not adequately plead it and, thus, it should not have gone to the jury; (3) that the trial court incorrectly instructed the jury regarding the workers' compensation theory and as to damages; (4) the verdict was against the great weight of the evidence; and (5) the verdict was grossly excessive.

In an August 17, 1982, opinion, the trial court rejected all the above arguments. Defendant raises all of them again in this appeal.

Defendant's first two arguments regarding the validity of plaintiff's workers' compensation theory and plaintiff's failure to plead it adequately were raised in the motion for judgment notwithstanding the verdict.

"A judgment notwithstanding the verdict on defen-

dants' motion is appropriate only if the evidence is insufficient as a matter of law to support a judgment for plaintiff. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 695; 310 NW2d 26 (1981). In reaching a decision, the trial court must view the evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence. *Isom v Farrugia,* 63 Mich App 351, 354-355; 234 NW2d 520 (1975). If after viewing the evidence in this manner reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper. *Id."* *Drummey v Henry,* 115 Mich App 107, 110-111; 320 NW2d 309 (1982).

Defendant argues that its motion for judgment notwithstanding the verdict should have been granted because plaintiff's workers' compensation theory is not legally recognized. However, the trial court found:

"In determining whether or not defendant is entitled to a judgment notwithstanding the verdict the Court is persuaded that *Suchodolski v Michigan Consolidated Gas Co,* 412 Mich 692 [316 NW2d 710 (1982)] is dispositive of this issue. From the syllabus of the case summarizing the court's opinion it is stated:

" '1. Courts have recognized that some grounds for discharging an employee are so contrary to public policy as to be actionable. Most often the proscription is found in explicit legislative statements protecting employees who act in accordance with a statutory right or duty. Occasionally a sufficient legislative policy has been found to imply a cause of action for wrongful discharge even in the absence of an explicit prohibition, as when the discharge is for failure or refusal to violate a law, or for the exercise of a right conferred by legislative enactment.'

"Certainly pursuing one's right under the workers' compensation statute is a right conferred by legislative enactment. Therefore, if the defendant discharged the plaintiff because plaintiff had filed a workers' compensa-

tion claim, clearly such discharge would be contrary to the public policy of this state.

"There can be no question that plaintiff was discharged shortly after defendant learned of the workers' compensation claim plaintiff had filed while employed with General Motors. It is also true that the defendant learned about the same time that plaintiff had lied on his application for employment with defendant concerning the workers' compensation matter. It was, therefore, a question of fact as to why plaintiff was discharged; and defendant had the full opportunity of presenting to the jury all facts supporting its claim that defendant was discharged because of poor work performance and because he had lied on his application for employment. The jury, however, did not accept defendant's theory of the case. Rather, it accepted plaintiff's claim that he was discharged because during previous employment he had filed a workers' compensation claim."

The trial court also found that plaintiff presented sufficient evidence at trial to enable the jury to draw the inference that defendant discharged plaintiff because plaintiff filed a workers' compensation claim against a previous employer.

We agree, and affirm the trial court on this point. Although generally at-will, indefinite-term employment contracts, such as the one in this case, are terminable at will, *Lynas v Maxwell Farms*, 279 Mich 684, 687; 273 NW 315 (1937), exceptions are recognized where a discharge violates a recognized public policy or the worker's statutory rights. *Suchodolski, supra, Schipani v Ford Motor Co,* 102 Mich App 606, 619, 620; 302 NW2d 307 (1981). One such statutory right is that of a worker to file workers' compensation claims. This Court holds that it is contrary to public policy for an employer to discharge an employee in retaliation for filing a workers' compensation claim. *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d

151 (1976); *Hrab v Hayes-Albion Corp,* 103 Mich App 90, 94; 302 NW2d 606 (1981). We find no reason, as defendant suggests, to limit this rule only to employers who fire employees who file claims against them rather than against previous employers. The public policy extends to situations such as this where the employee argues an unlawful or retaliatory discharge because he or she filed a workers' compensation claim against any employer, including a previous employer.

Moreover, we also agree with the trial court's opinion that plaintiff sufficiently pled the workers' compensation cause of action. The trial court found:

"In plaintiff's complaint he states:

"Paragraph 11—'Prior to his employment with the defendant, the plaintiff had utilized the services of the Workmen's Compensation Department of the State of Michigan in a claim for injuries sustained while in the employ of General Motors Corporation.'

"Paragraph 15—'The plaintiff's discharge from his employment was in violation of the aforesaid acts and MCL 37.2302 in that the defendant, its agents, servants and employees in particular one William Cottrell were motivated in the discharge of plaintiff and in fact discharged the plaintiff because the plaintiff made use of the facilities of the Workmen's Compensation Department and of the Wayne County Circuit Court in violation of the aforesaid acts.'

"Paragraph 16—'As the direct and proximate result of the aforesaid unlawful acts of the defendant, its agents, servants and employees, the plaintiff has suffered loss of earnings capacity has been subjected to embarrassment and humiliation and great emotional distress and anguish.'

"It is this Court's view that the above language in the complaint was sufficient to reasonably apprise the defendant that it would be called upon to defend plaintiff's claim that he was wrongfully discharged from his

employment because he had filed a workers' compensation claim during previous employment, and that he has suffered damages as a result thereof. Defendant's claim that the cause of action was not properly plead [sic] is, therefore, without merit."

A complaint need only contain "such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend". GCR 1963, 111.1(1). A complaint is sufficient if it gives notice of the nature of the claim sufficient to allow the opposing party to take a responsive position. *Simonson v Michigan Life Ins Co,* 37 Mich App 79, 83; 194 NW2d 446 (1971). We agree with the trial court that plaintiff's complaint sufficiently apprised defendant that his action was brought because defendant discharged plaintiff for making use of the Bureau of Workers' Disability Compensation. Pleadings are not expected to narrow issues; rather, the discovery process, pretrial conference, and summary judgment serve this function. *Simonson, supra.* Moreover, issues not raised in a pleading may be tried by implied consent and then treated as if they had been raised in the pleadings. GCR 1963, 118.3; *Christy v Prestige Builders, Inc,* 94 Mich App 784, 791-792; 290 NW2d 395 (1980), *rev'd on other grounds,* 415 Mich 684 (1982).

In conclusion, we find that the trial court properly denied defendant's motion for judgment notwithstanding the verdict because plaintiff stated a cognizable claim for a wrongful discharge and adequately pled it.

A trial court has the discretion to grant or deny a new trial and, if that discretion is not abused, the trial court cannot be reversed on appeal. *Kailimai v Firestone Tire & Rubber Co,* 398 Mich 230, 232; 247 NW2d 295 (1976). When there is compe-

tent evidence to support the finding of a jury, its verdict should not be set aside. *Bell v Merritt,* 118 Mich App 414, 422; 325 NW2d 443 (1982).

In its motion for new trial, defendant argued that the trial court had committed several instructional errors. Those included: (1) the court's failure to instruct on the genesis of plaintiff's workers' compensation theory; (2) the court's failure to instruct the jury that plaintiff could not invoke a public policy theory if the jury found plaintiff to have falsely answered a question on his medical history form; (3) the trial court's failure to instruct the jury that plaintiff's workers' compensation claim must have been the *sole* factor causing discharge rather than a *significant* factor; and (4) that the trial court's damage instructions, sounding in tort, were inapplicable to this action.

Defendant did not object to the trial court's failure to give an instruction on the genesis of plaintiff's workers' compensation theory nor does it support such an argument with legal authority. Failure to address an instructional error at trial precludes its appellate review absent manifest injustice. GCR 1963, 516.2; *Danaher v Partridge Creek Country Club,* 116 Mich App 305, 318; 323 NW2d 376 (1982). The trial court did not abuse its discretion by denying the motion for new trial based upon this argument.

Defendant also failed to object to the trial court's alleged error in failing to instruct the jury that plaintiff could not invoke a public policy ground for wrongful discharge if he was found to have lied on his medical history form. Again, we find no abuse of discretion on the part of the trial court and no manifest injustice. Defendant's reliance upon *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978), is

misplaced. *Dressler* was concerned with the application of § 431 of the Worker's Disability Compensation Act, which prohibits an employee from receiving benefits under the act if that employee misrepresented a prior occupational disease. In this case, plaintiff was not attempting to receive workers' compensation benefits from defendant and had previously sustained a single-event injury at GMC, not an occupational disease, and had informed defendant's doctor about the nature of his knee injury at his pre-employment examination. Thus, *Dressler* and defendant's suggested instruction do not apply.

Defendant did object at trial to the court's failure to instruct the jurors that they must find that plaintiff's prior filing of a workers' compensation claim was the *sole* cause of his discharge. The trial court instructed the jurors that they could find a wrongful discharge if they found that plaintiff's prior workers' compensation claim was a *significant factor* in his discharge.

While there is no Michigan case law dispositive on this issue, we find cases involving wrongful discharges in other contexts helpful. In *Gallaway v Chrysler Corp*, 105 Mich App 1, 5-6; 306 NW2d 368 (1981), *lv den* 413 Mich 853 (1982), an age discrimination suit, this Court held that a plaintiff need only show that the plaintiff's age was one significant factor in plaintiff's discharge; plaintiff need not prove that age was the sole, critical factor causing discharge. See also *Adama v Doehler-Jarvis Div of N L Industries, Inc*, 115 Mich App 82, 89-90; 320 NW2d 298 (1982).

Also providing some guidance is *Smith v Atlas Off-Shore Boat Service, Inc*, 653 F2d 1057 (CA 5, 1981). That case involved a seaman's exercise of his legal right to file a personal injury suit against

his employer and his claimed retaliatory discharge for doing so. The court in *Smith* adopted a "substantial factor" test as plaintiff's burden of proof. *Id.,* p 1063.

We conclude that the trial court correctly instructed the jurors on plaintiff's burden of proof. Where, as here, the plaintiff claims that he or she was unlawfully discharged for filing a workers' compensation claim, plaintiff has the burden of proving that the filing of the workers' compensation claim was a significant factor in defendant's decision to discharge the plaintiff.

Finally, as to instructional error, defendant argues that the court's instructions regarding future wages is proper only for a tort action. Defendant argues that plaintiff's handicapper's action was not a tort action and that his wrongful discharge action was an action in contract. Defendant's argument regarding the handicapper's claim is specious as the jury found for defendant on that cause. Moreover, plaintiff's wrongful discharge cause is one sounding in tort, not contract. *Sventko, supra.* See also *Scott v Union Tank Car Co,* 75 Ind App 150; 402 NE2d 992 (1980). Therefore, the trial court's damage instructions were entirely proper.

We also find that the trial court did not abuse its discretion by denying defendant's motion for new trial on the grounds that the verdict was against the great weight of the evidence. Plaintiff presented competent evidence in support of the verdict. *Bell v Merritt, supra.* Plaintiff testified that Cottrell told him if he pursued this "General Motors thing" Cottrell could not guarantee plaintiff's job. Plaintiff also testified that he told Cottrell shortly before Cottrell fired him that he had filed a worker's compensation claim against General Motors.

Defendant also moved for *remittitur,* arguing that the evidence plaintiff presented on potential lost future wages should have been excluded and was too speculative. Plaintiff presented Cottrell's testimony regarding the supervisor's own salary and career. We find that the trial court did not abuse its discretion in admitting that evidence as it was relevant to the issue of plaintiff's damages. MRE 401. Cottrell testified that he entered defendant's labor relations department at an entry level position similar to plaintiff's position. Cottrell also testified that plaintiff was hired as a potential replacement for himself. Thus, Cottrell's testimony regarding his remuneration had a tendency to prove what plaintiff would likely be earning had he remained employed by defendant.

Defendant's argument that the $450,000 verdict was excessive lacks merit. First, defendant failed to present its own evidence on damages. Second, the jurors' dependence on Cottrell's testimony to establish damages was not prejudicial or capricious. *Tiffany v Christman Co,* 93 Mich App 267, 280-281; 287 NW2d 199 (1979). The jurors apparently calculated plaintiff's damages upon the difference between Cottrell's salary and plaintiff's present salary for the 40 years of plaintiff's life expectancy. To so calculate based upon relevant evidence was not improper or overly speculative.

Defendant's final argument is that the trial court erred by reducing the jury's award by only 5% as instructed in SJI 53.03 rather than by the 12% provided in MCL 600.6013; MSA 27A.6013.

The substance of SJI 53.03 is as follows:

"If you decide plaintiff will sustain damages in the future, you must reduce that amount to its present cash value. The amount of damages you determine [he/she]

will sustain the first year is to be divided by 1.05. The amount of damages you determine [he/she] will sustain the second year is to be divided by 1.10. The amount [he/she] will sustain the third year is to be divided by 1.15. You then continue to use a similar procedure for each additional year you determine [he/she] will sustain damages. The total of your yearly computations is the present cash value of plaintiff's future damages."

The statute relied on by the defendant, § 6013 of the Revised Judicature Act, provides in pertinent part as follows:

"(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section.

"(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment shall be calculated from the date of filing the complaint to June 1, 1980 at the rate of 6% per year and on after June 1, 1980 to the date of satisfaction of the judgment at the rate of 12% per year compounded annually." MCL 600.6013; MSA 27A.6013.

In *Freeman v Lanning Corp,* 61 Mich App 527; 233 NW2d 68 (1975), this Court remanded to the trial court for recomputation of an award for future damages to be reduced to present value according to the formula provided in SJI 34.03, the predecessor to SJI 53.03. However, the *Lanning* Court, without explanation, also ordered the jury award discounted by the 6% then provided in MCL 600.6013; MSA 27A.6013 rather than the percentage given in the jury instruction.

In *Tiffany, supra,* this Court rejected the application of the interest level provided in § 6013 as the reduction rate to be applied to future damages. The *Tiffany* Court applied a 5% reduction figure found in the jury instruction. We find that *Tiffany*

represents the better view. Section 6013 addresses an entirely different matter than SJI 53.03. There is nothing within the language of § 6013 that suggests that it applies to the computation of future damages to present value. Consequently, we find that the trial court applied the proper formula in reducing the $450,000 jury award to present value.

## II

In his cross-appeal, plaintiff has raised three issues. First, plaintiff argues that the jury award of $450,000, stipulated to be future damages, should not have been reduced because defendant did not request or object to the omission of a reduction instruction, SJI 53.03.

A trial court, even in the absence of such a request, is required to instruct a jury on reduction of future damages to present value, *Grewe v Mount Clemens General Hospital,* 404 Mich 240, 259; 273 NW2d 429 (1978); *Harper v National Shoes, Inc,* 98 Mich App 353, 357; 296 NW2d 1 (1979), or should itself reduce the award to present value, *Freeman v Lanning Corp, supra.*

Therefore, the trial court acted properly in this case by reducing the award to present value despite defendant's failure to request the proper instruction.

Plaintiff's second argument is that the trial court erred by awarding statutory interest, MCL 600.6013; MSA 27A.6013, on the reduced award from the date of the verdict rather than from the date the complaint was filed.

Section 6013 expressly provides that interest is to be paid from the date the complaint is filed. The allowance of interest under this provision is man-

datory. *McGrath v Clerk,* 89 Mich App 194; 280 NW2d 480 (1979). Nonetheless, because the award was for future damages only, the trial court interpreted § 6013 as inapplicable to plaintiff's claim.

We find that the trial court erred in so interpreting § 6013. First, the language of § 6013 does not distinguish between money judgments for past and future damages. Thus, on its plain unambiguous terms, § 6013 applies to all damages sought and sustained in a civil action brought for the recovery of money damages.

Second, the trial court's interpretation does not follow the purpose of the interest statute. The statute is primarily remedial, intended to compensate the prevailing party for the expenses incurred in bringing an action for money damages for any delay in receiving such damages. *Schwartz v Piper Aircraft Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979); *Johnston v DAIIE,* 124 Mich App 212; 333 NW2d 517 (1983).

The case relied upon by the defendant, *Foremost Life Ins Co v Waters (On Remand),* 125 Mich App 799; 337 NW2d 29 (1983), is distinguishable. In *Foremost,* the plaintiff insurance company filed a complaint for a declaratory judgment seeking a determination that under its policy issued to its insured it was entitled to be reimbursed the $26,714.77 paid to defendant as insurance benefits because she *might* recover damages from the tortfeasor in a pending action.

The trial court in *Foremost* awarded plaintiff insurance company its declaratory judgment, ordering the insured to reimburse plaintiff, and added statutory interest from the date defendant filed the complaint in the tort action. On appeal, the defendant argued that statutory interest should only have been awarded from the date she

entered into a consent judgment in the tort action awarding her $120,000, about seven and one-half months after plaintiff filed its action for declaratory relief.

This Court agreed with defendant based upon the facts of that case. Until defendant did reach a consent agreement in her pending tort action, plaintiff was not seeking money damages but a declaration of law: the interpretation of its policy of insurance. Therefore, plaintiff was not seeking money damages in a civil action until defendant established a collectible fund.

In this case, plaintiff sought money damages from the time he filed his original complaint. Whether or not the damages the jury awarded were future damages is not dispositive. Plaintiff is entitled to statutory interest from the date he filed his complaint. Thus, we remand to the trial court to modify its order accordingly. See *Gerren v Kennedy Motors, Inc,* 18 Mich App 564; 171 NW2d 548 (1969).

Plaintiff's last argument on cross-appeal is that the trial court erred by failing to give the instructions plaintiff requested on his handicapper's theory. Our review of the trial court's instructions convinces us that the trial court did adequately instruct the jury on plaintiff's handicapper's theory and deleted only those requested instructions which were unsupported by any evidence. See *Cryderman v Soo Line R Co,* 78 Mich App 465, 471; 260 NW2d 135 (1977), *lv den* 402 Mich 867 (1978).

Affirmed; remanded for correct computation of statutory interest on the judgment.