## GALLAWAY v CHRYSLER CORPORATION

Docket No. 43141. Submitted March 11, 1980, at Detroit.—Decided
April 7, 1981. Leave to appeal applied for.

Edward Gallaway brought an action against Chrysler Corporation
for damages arising from defendant's termination of his em-
ployment on the basis of age. Following trial, a jury found no
cause of action on the part of plaintiff, Wayne Circuit Court,
Theresa Doss, J. He appeals, alleging that the trial court erred
in instructing the jury regarding the burden of proof, in allow-
ing the introduction of evidence of his receipt of collateral
benefits, in limiting the scope of his redirect examination of a
certain witness, in permitting defendant to use plaintiff's pre-
trial deposition testimony to refresh the memory of a witness
and in precluding plaintiff from reading additional portions of
the deposition, and in excluding certain testimony. *Held:*

1. The trial court erred in instructing the jury that plaintiff
could not recover if a consideration other than age was a
determining factor in the decision to terminate his employ-
ment. Rather, the jury should have been instructed to return a
verdict for plaintiff if they found age discrimination to have
played a significant role notwithstanding the presence of other,
lawful considerations.

2. Plaintiff's failure to object to the erroneous jury instruc-
tions does not bar consideration of the matter on appeal be-

REFERENCES FOR POINTS IN HEADNOTES

[1] 15 Am Jur 2d, Civil Rights §§ 226-228, 233, 507.
Validity and construction of labor legislation prohibiting discrimi-
nation on account of age. 29 ALR3d 1407.
Construction and application of Age Discrimination in Employment
Act of 1967 (29 USCS §§ 621 et seq.). 24 ALR Fed 808.

[2] 75 Am Jur 2d, Trial §§ 623, 909.

[3] 29 Am Jur 2d, Evidence §§ 249, 251-256, 260.

[4] 22 Am Jur 2d, Damages §§ 206-211, 304.

[5] 81 Am Jur 2d, Witnesses §§ 425, 508.

[6] 81 Am Jur 2d, Witnesses §§ 440-444, 455.
Refreshment of recollection by use of memoranda or other writings.
82 ALR2d 473.

[7] 5 Am Jur 2d, Appeal and Error §§ 880, 881.

cause the error concerns a controlling issue in .the case and failure to consider and correct it would allow manifest injustice to occur.

3. The trial court properly admitted evidence of plaintiff's receipt of collateral benefits.

4. Plaintiff's redirect examination of a witness regarding certain matters pertaining to his collateral source benefits sought to explore matters not raised on cross-examination. The trial court properly limited the scope of his redirect examination.

5. The trial court did not err in permitting use by defendant of plaintiff's deposition testimony or in precluding plaintiff from reading additional portions of the deposition.

6. The record does not support plaintiff's allegation of an abuse of discretion by the trial court in excluding certain testimony by his wife as irrelevant.

Reversed and remanded.

1. LABOR RELATIONS — AGE DISCRIMINATION — TRIAL — BURDEN OF PROOF.

A plaintiff in an age-discrimination suit need not prove that such discrimination was the sole, critical factor in the termination of his employment; there may be bona fide business or economic reasons in which age is not a factor which are involved in the decision; nevertheless, he is entitled to recover if age was a factor and if it in fact made a difference in the decision and this is shown by a preponderance of the evidence.

2. APPEAL — PRESERVING QUESTION — JURY INSTRUCTIONS.

Generally, arguments on appeal may not be predicated upon purported errors in jury instructions to which no objection was raised during trial; but where a defect in instruction is of such magnitude as to constitute plain error or where it pertains to a basic, controlling issue in a case the Court of Appeals may conclude that it should consider and address such error in order to avoid manifest injustice.

3. EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

A trial court in its discretion may exclude relevant evidence where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury (MRE 403).

4. EVIDENCE — DAMAGES — COLLATERAL BENEFITS.

Evidence concerning collateral benefits due an injured party from an independent source other than a wrongdoer is admissible

where it has a bearing on some purpose other than the question of mitigation of damages.

5. TRIAL — WITNESSES — REDIRECT EXAMINATION — CROSS-EXAMINATION — JUDICIAL DISCRETION.

The scope of redirect examination of a witness is within the sound discretion of a trial court; generally, it must focus on matters raised during cross-examination, and the limiting of a line of questioning by a trial court because the matter was not raised on cross-examination does not constitute an abuse of discretion.

6. TRIAL — WITNESSES — DEPOSITIONS — JUDICIAL DISCRETION.

A trial court may permit a defendant to use a plaintiff's pretrial deposition testimony to refresh the memory of a witness, and where the plaintiff upon rebuttal attempts to read an unrelated portion of the deposition which would tend to confuse the jury a ruling by the trial court precluding such reading does not constitute error (GCR 1963, 302.4).

7. APPEAL — EVIDENCE — RELEVANCY OF EVIDENCE — JUDICIAL DISCRETION.

A decision by a trial court regarding the relevance of evidence will not be reversed on appeal absent an abuse of discretion.

*Haynes & Donnelly, P.C.,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *Thomas G. Kienbaum* and *Thomas A. Zimmer),* for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

T. M. BURNS, J. Plaintiff, Edward Gallaway, appeals as of right a November 8, 1979, jury verdict of no cause of action in the instant age-discrimination suit. We reverse.

Plaintiff first argues that the trial judge did not properly instruct the jury with regard to the burden of proof in an age-discrimination suit. Specifically, the record indicates that the judge charged the jury that they were to return a verdict in

favor of defendant if a determining factor in plaintiff's desire to retire was something other than age discrimination.[1]

Although no Michigan appellate court has been

---

[1] After instructing the jury on each party's theory of the case, the court gave the following explanation of the law:

"I will now explain to you the burden of proof which the law places on the parties to establish their respective claims.

"When I say that a party has the burden of proof, and in this connection use the expression, quote, 'if you find', unquote or quote, 'if you decide', unquote, I mean that the evidence must satisfy you that proposition which that party has the burden of proof, has been established by evidence which out weighs [sic] the evidence against it.

"You must consider all of the evidence, regardless of which party produced it.

"The Plaintiff in this case has the burden of proof on the following issues, including the following:

"That Chrysler Corporation has engaged in age discrimination.

"That Plaintiff did not retire because of his health, or to write a book.

"That Plaintiff's retirement was not voluntary.

"That Plaintiff's retirement was not pursuant to a bona fide retirement plan.

"That Plaintiff has suffered damage.

"If you find that Plaintiff voluntarily chose to retire for any reason, then you must find in favor of the Defendant, Chrysler Corporation.

"If you find that Plaintiff's decision to write a book, and/or his concern for his health was a determining factor in his decision to retire, then you must find in favor of Chrysler Corporation.

"If you find that Chrysler's special early retirement plan was not mandatory, then you must find in favor of Chrysler Corporation.

"Even if you find that Plaintiff's retirement was mandatory, if you find that Plaintiff's retirement was based upon a bona fide retirement plan, or occupational qualification, then you are to find in favor of the Defendant, Chrysler Corporation.

"By this I mean that, if you find that Chrysler's retirement program was not merely a subterfuge of, or an attempt to conceal a desire to descriminate [sic] against Plaintiff because of his age, but was a valid retirement plan, then you must find in favor of Defendant Chrysler Corporation.

"If you find that Plaintiff's retirement was for bona fide business or economic reasons in which age is not a factor, then there is no violation of the law.

"If you find that Plaintiff chose to retire out of concern for his health, or under the belief that he was totally and permanently disabled, then you must find in favor of Chrysler Corporation, even if you find that Plaintiff was not, in fact from a medical standpoint, totally and permanently disabled."

called upon to address the question of a plaintiff's burden of proof in an age-discrimination suit, we are persuaded that the proper statement of that burden was enunciated by the United States Sixth Circuit Court of Appeals in *Laugesen v Anaconda Co*, 510 F2d 307, 317 (CA 6, 1975). In *Laugesen*, the Sixth Circuit concluded that, even though the burden of proof never shifts from the plaintiff in an age-discrimination suit, in order to recover, a plaintiff need not prove that age discrimination was the sole, critical factor in the termination of his or her employment:

"While the instructions make it manifestly clear that the jury should find for the defendant if termination 'is for bona fide business or economic reasons in which age is not a factor,' the converse is not stated. Rather the instructions concerning the right of plaintiff to recover state that it is unlawful to discharge an individual 'merely because of his age,' and that he has the burden of showing by a preponderance of the evidence 'that he was discharged from his job because of his age' without making it clear that it need not have been the sole or exclusive cause.

"*However expressed, we believe it was essential for the jury to understand from the instructions that there could be more than one factor in the decision to discharge him and that he was nevertheless entitled to recover if one such factor was his age and if in fact it made a difference in determining whether he was to be retained or discharged.* This is so even though the need to reduce the employee force generally was also a strong, and perhaps even more compelling reason. It is because the instructions did not convey this necessary concept of the law to the jury that we are compelled to reverse and remand for a new trial." (Emphasis supplied.)

The instructions given to the jury in the case at bar suffer from the same defect as those in the

*Laugesen* case. Discrimination, whether based on race, religion, sex, or age, cannot be tolerated in a free society regardless of whether the objective sought thereby could be partially justified for other, ligitimate reasons. Just as the law recognizes no such concept as partial or limited free speech, it will give no sufferance to partial or limited discrimination. To the extent that the jury in the case at bar was instructed that plaintiff could not recover if a consideration other than age discrimination was a determining factor in the termination of his employment, error was committed. The jury should have been instructed that they were to return a verdict in favor of plaintiff if they found that age discrimination played a significant role in the reason for his retirement notwithstanding the presence of other, lawful considerations that also may have contributed to the cause of his retirement.

We reject defendant's argument that plaintiff, having failed to object to the jury instructions regarding the burden of proof, has waived this issue and may not raise it on appeal. As a general rule, appellate arguments may not be predicated upon a purported error in jury instructions to which no objection was raised. *Moskalik v Dunn,* 392 Mich 583, 592; 221 NW2d 313 (1974), GCR 1963, 516.2. Nonetheless, where the defect in instruction is of such a magnitude as to constitute plain error requiring a new trial, *id.,* or where it pertains to a basic and controlling issue in the case, *Hunt v Deming,* 375 Mich 581; 134 NW2d 662 (1965), this Court may conclude that in order to avoid manifest injustice in a case it must consider and address error arising from jury instructions to which no objection was raised. The instructional error before us concerns a controlling

issue in a case that arises out of a developing area in the law. In order to prevent the occurrence of manifest injustice, we will consider and correct that error.

Having resolved what we deem is the critical issue in this case, we turn to other issues raised by plaintiff that concern matters likely to recur on retrial.

Plaintiff argues that the lower court erred in permitting the introduction at trial of evidence indicating that plaintiff received social security disability and workers' compensation benefits. We find no error in the admission of this evidence. Evidence of plaintiff's receipt of these benefits was admitted at trial as bearing on the critical issue of the reason for his retirement. Under MRE 403 relevant evidence may be excluded if, within the discretion of the trial judge, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury * * *". *Carreras v Honeggers & Co, Inc,* 68 Mich App 716; 244 NW2d 10 (1976). We do not agree with plaintiff's argument that the judge abused his discretion in this matter, nor can we say that the introduction of plaintiff's social security and workers' compensation files violated the collateral-source doctrine. Where the introduction of evidence concerning collateral benefits has bearing on some purpose other than the question of mitigating damages, it is admissible. *Blacha v Gagnon,* 47 Mich App 168; 209 NW2d 292 (1973), *Jackson v Sabuco,* 21 Mich App 430; 175 NW2d 532 (1970), *lv den* 383 Mich App 784 (1970).

Nor do we find error in plaintiff's third issue, that is, that the judge erred in limiting the scope of plaintiff's redirect examination as to certain matters regarding his receipt of collateral source

benefits. The scope of redirect examination is within the sound discretion of the trial judge. *Parkdale Homes, Inc v Twp of Clinton,* 23 Mich App 682, 685; 179 NW2d 232 (1970). In general, redirect examination must focus on matters raised during cross-examination. *Carreras, supra.* On redirect examination, plaintiff sought to explore certain psychological difficulties that limited his employability. Because this matter was not raised on cross-examination of the same witness, we cannot say that the trial judge abused his discretion by limiting this line of questioning.

With respect to plaintiff's argument that the trial judge erred in permitting defendant to use plaintiff's pretrial-deposition testimony to refresh the memory of a witness, we note that GCR 1963, 302.4, the relevant court rule, provides:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any 1 of the following provisions:

*   *   *

"(2) The deposition of a party or anyone who at the time of the transaction or occurrence out of which the action arose or at the time of taking the deposition was an officer, director, employee, or agent of any party may be used by an adverse party for any purpose.

*   *   *

"(4) If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

As is clear from the foregoing court rule, the lower court did not err in permitting defendant to

use plaintiff's pretrial deposition at trial. Nor can we say on the record before us that the judge's ruling precluding plaintiff from reading additional portions of the deposition was erroneous. It does not appear that the portion of the deposition testimony that plaintiff attempted to read was related to the portion used by defendant. Thus, it was not relevant to the scope of proper rebuttal and would have served only to confuse the jury.

Finally, plaintiff argues that the trial judge improperly excluded as hearsay certain testimony by his wife as to her opinion of his emotional state and certain hospital records of treatment given him. We agree with plaintiff that the various statements made by his wife during her testimony were either not hearsay or fall within one of the exceptions to the hearsay rule. MRE 801(a), (c), 803(3). Nonetheless, the testimony of plaintiff's wife excluded by the judge concerned events that occurred after his retirement, events that the judge held were irrelevant to the issue of whether plaintiff voluntarily retired. A trial judge's decision as to the relevance of evidence will not be reversed on appeal absent an abuse of discretion. *Birou v Thompson-Brown Co,* 67 Mich App 502, 513; 241 NW2d 265 (1976), *lv den* 397 Mich 808 (1976).

We are not persuaded by plaintiff's argument that two reports signed by his physician and certain records from Henry Ford Hospital were improperly excluded at trial. We reject plaintiff's argument that these documents were admissible under MRE 803(4), as this exception pertains to statements made by a patient to an examining physician. Although it is possible that these documents may be admitted under MRE 803(6) concerning records of regularly conducted activities,

the record before us fails to provide an adequate foundation for determining whether these documents fit within that exception to the hearsay rule. Therefore, on retrial of this cause, should plaintiff produce a proper foundation supporting the introduction of these documents into evidence, the trial judge shall exercise his discretion with particular regard to whether the documents fit within the hearsay exception set forth in MRE 803(6).

Reversed for further proceedings consistent with this opinion.