BOGUE v TELEDYNE CONTINENTAL MOTORS

Docket No. 60251. Submitted January 11, 1984, at Grand Rapids.—
Decided July 16, 1984. Leave to appeal applied for.

Samuel Bogue, an employee of Teledyne Continental Motors, was
placed on disability retirement after suffering his second heart
attack. Five years later he underwent aorta bypass surgery.
After recovering from the surgery, Bogue sought to be re-em-
ployed by Teledyne. Teledyne eventually told Bogue that he
would need his doctors' permission to return to work, a state-
ment from the Social Security Administration that Bogue was
no longer disabled and that payment of benefits to him had
ceased, and submission to examination by the company physi-
cian and possibly an impartial third-party examination at
Teledyne's expense. Instead of accepting these conditions, Bo-
gue filed suit against Teledyne in Muskegon Circuit Court
alleging that Teledyne's refusal to return him to work was a
violation of the Michigan Handicappers' Civil Rights Act. Fol-
lowing a jury trial, the court, James M. Graves, Jr., J., entered
a judgment for defendant on a jury verdict of no cause of
action. Bogue was granted permission to file a delayed appeal
by the Court of Appeals. Bogue died while the appeal was
pending. Deborah Paulson, personal representative of the estate
of Samuel Bogue, deceased, pursued the appeal, arguing that the
jury instructions given by the court were erroneous. *Held:*

The jury instructions which were given accurately stated the
law and were not erroneous. The trial court did not err in
giving the instructions.

Affirmed.

1. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — EMPLOYMENT
DISCRIMINATION — EMPLOYER'S INTENT.

An employer's intent in failing or refusing to hire a handicapped

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Civil Rights § 248.5.
Construction and effect of state legislation forbidding job discrimi-
nation on account of physical handicap. 90 ALR3d 393.

person is irrelevant to determining whether the handicap was unrelated to the individual's ability to perform the job but is relevant to determining whether the employer's failure or refusal to hire, recruit, or promote a handicapped individual was because of the handicap (MCL 37.1202[1][a]; MSA 3.550[202][1][a]).

2. CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — JURY INSTRUC- TIONS — BURDEN OF PROOF.

It was not error for a trial court to instruct the jury in an employment discrimination case that the focus of its attention should be whether the defendant's motivation in failing or refusing to rehire the plaintiff was based on the plaintiff's handicap and that, if the evidence raised a genuine issue of fact as to whether the defendant discriminated against the plaintiff, the plaintiff must prove by a preponderance of the evidence that the defendant's stated reasons for not hiring plaintiff were a pretext.

*Norman C. Halbower, P.C.* (by *James K. Os- lund),* for plaintiff.

*Butzel, Long, Gust, Klein & Van Zile* (by *Greg- ory S. Muzingo),* for defendant.

Before: MACKENZIE, P.J., and BEASLEY and K. B. GLASER, JR.,* JJ.

PER CURIAM. This was an action pursuant to the Michigan Handicappers' Civil Rights Act, MCL 37.1101 *et seq.;* MSA 3.550(101) *et seq.,* to obtain damages and injunctive relief for discrimination in employment. Plaintiff's complaint alleged a viola- tion of MCL 37.1202(1)(a); MSA 3.550(202)(1)(a):

"An employer shall not:
"(a) Fail or refuse to hire, recruit or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a partic- ular job or position."

* Circuit judge, sitting on the Court of Appeals by assignment.

After a jury trial, a verdict of no cause of action was returned, and this Court granted plaintiff's application for a delayed appeal pursuant to GCR 1963, 806.4.

The trial court instructed the jury as follows:

"Plaintiff has the burden of proving, at the outset, the following propositions:

"Number 1: That plaintiff was within the group protected by the Michigan Handicappers [sic] Civil Rights Act at the time of defendant's refusal to rehire him;

"Number 2: That plaintiff was qualified both technically and physically to perform the work in question; and,

"Number 3: That despite his technical and physical qualifications, defendant refused him reinstatement under circumstances which gave rise to an inference of unlawful discrimination.

"If it's your judgment that plaintiff has not, by a preponderance of the evidence, established all of the foregoing elements, then your inquiry is over and you should return a verdict in favor of the defendant.

"If, on the other hand, you determine that plaintiff has established all of the foregoing elements by a preponderance of the evidence, then and only then does your inquiry shift to the evidence produced by defendant to determine if, in your judgment, the defendant has offered a legitimate, nondiscriminatory reason for the complained-of conduct. In this regard, the defendant need not persuade you that it was actually motivated by the stated reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. If it does, it is still the plaintiff's responsibility to prove, by a preponderance of the evidence, that the defendant's stated reasons are a pretext. The act is not violated by a refusal to hire based on a rational business decision not motivated by handicap bias. An employer is entitled to make his own policy and business judgments. Your

focus is to be on the defendant's motivation and not on the correctness of the business judgment."

These instructions were based on those approved by the United States Supreme Court for use in actions for racial discrimination in employment brought pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e *et seq. McDonnell Douglas Corp v Green,* 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973); *Texas Dep't of Community Affairs v Burdine,* 450 US 248; 101 S Ct 1089; 67 L Ed 2d 207 (1981). However, plaintiff argues that the trial court committed error by giving such instructions here. According to plaintiff, the employer's intent was irrelevant to a determination of whether MCL 37.1202(1)(a); MSA 3.550(202)(1)(a) was violated.

In order for a failure or refusal to hire, recruit, or promote an individual to fall within the ban of MCL 37.1202(1)(a); MSA 3.550(202)(1)(a), two requirements must be met: (1) the employer's failure or refusal must have been "because of a handicap" and (2) the handicap in question must be "unrelated to the individual's ability to perform the duties" of the job or position at issue. In *Wardlow v Great Lakes Express Co,* 128 Mich App 54, 69-70; 339 NW2d 670 (1983), the defendant claimed that it had relied in good faith on medical advice indicating that plaintiff's handicap was related to plaintiff's ability to perform the duties of the job at issue. The Court held that, in the context before it, the employer's good faith or lack of a discriminatory intent was irrelevant.

*Wardlow* cannot be regarded as authority for the proposition that the employer's intent is irrelevant to a determination of whether MCL 37.1202(1)(a); MSA 3.550(202)(1)(a) was violated because *Wardlow* dealt only with the second of the

two relevant requirements. The employer's intent is irrelevant to determining whether a handicap was unrelated to the plaintiff's ability to perform the job. The employer's intent is not irrelevant to determining whether the employer's failure or refusal to hire, recruit, or promote plaintiff was "because of a handicap". The Legislature's use of the phrase "because of a handicap" demonstrates that the Legislature intended an inquiry into the employer's reasons for failing or refusing to hire, recruit, or promote a handicapped individual. Failures or refusals not based on a handicap do not violate the act.

The instructions at issue here provided a framework for the jury in general to determine the employer's reasons for not hiring plaintiff and in particular to determine whether an ostensibly nondiscriminatory reason proffered by the employer was a mere pretext for handicap discrimination. The instructions given accurately stated the law and were not erroneous.

In *Gallaway v Chrysler Corp,* 105 Mich App 1, 6; 306 NW2d 368 (1981), the Court said:

"To the extent that the jury in the case at bar was instructed that plaintiff could not recover if a consideration other than age discrimination was a determining factor in the termination of his employment, error was committed. The jury should have been instructed that they were to return a verdict in favor of plaintiff if they found that age discrimination played a significant role in the reason for his retirement notwithstanding the presence of other, lawful considerations that also may have contributed to the cause of his retirement."

Plaintiff argues that the instructions given here violated the *Gallaway* rule. We do not agree.

While the instructions given in *Gallaway,* stated at 105 Mich App 4, fn 1, resembled those given here in some immaterial respects, the crucial feature of the *Gallaway* instructions was language indicating that the jury had to find in favor of defendant if it found that something other than age discrimination had been *a* determining factor in the plaintiff's decision to retire. No analogous language appears in the instructions given here. Instead, the jury was instructed that the type of decision which does not present a violation of the act is one "not motivated by handicap bias".

Affirmed.