812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Verlon TAULBEE, Plaintiff-Appellant,
v.
QUANEX, a Delaware corporation, Defendant-Appellee.
 No. 85-1928.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1987.
 
 Before KRUPANSKY and RYAN, Circuit Judges; and HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Appellant Verlon Taulbee brought this action under the Michigan Handicapper's Civil Rights Act, M.C.L.A. Sec. 37.1101 et seq., alleging discriminatory termination from his employment at Quanex. Following completion of discovery, the district court, finding that there was no genuine issue of material fact, granted a motion for summary judgment in favor of Quanex, pursuant to Fed.R.Civ.P. 56(c). We affirm.
 
 
 2
 Taulbee began working for Quanex in September of 1960. In 1977, he was promoted to Cold Draw Foreman. On January 16, 1980, he suffered a heart attack. He returned to work on March 5, 1980, and, although he was subject to medical restrictions, his physical condition did not interfere with the performance of his duties. He continued to occupy his foreman's position until he was terminated in February of 1983.
 
 
 3
 In 1982, Quanex began to experience the effects of a severe economic recession in its industry. Two hundred fifty-five hourly employees and twenty-nine salaried employees were laid off. There were eleven foremen in Taulbee's department. After the layoff, only two remained. Every salaried employee in Cold Draw had more seniority than Taulbee except Dwight Miller. In November of 1982, Taulbee was notified of his impending layoff. Dwight Miller was retained.
 
 
 4
 In his complaint, Taulbee alleged that he is handicapped within the meaning of the Handicapper's Act; that Quanex failed to lay off according to seniority; and that, as a result, he was fired because of his handicap. Those matters having been pleaded, the burden then shifted to Quanex to offer a legitimate, non-discriminatory reason for Taulbee's discharge. Bogue v. Teledyne, 136 Mich.App. 374, 376-77 (1984). In response, Quanex stated that it did not employ a strict seniority system and asserted unprecedented economic difficulties as a legitimate reason for discharging Taulbee and others. Quanex was not required to persuade the court that these were actually the motivating reasons for Taulbee's termination. Rather, Taulbee carried the ultimate burden of persuading the court that the stated reasons were pretextual. Id.
 
 
 5
 When discovery was completed, Quanex moved for summary judgment pursuant to Fed.R.Civ.P. 56(c) which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." All reasonable inferences must be viewed in the light most favorable to the non-moving party. Adickes v. Kress & Co., 398 U.S. 144 (1970). Once the moving party has met its initial burden of proving that no genuine issue exists, the opposing party is required under Rule 56(e) to "set forth the specific facts showing that there is a genuine issue for trial" and may not rest upon the conclusory allegations contained in the pleading. R.E. Cruise, Inc. v. Bruggeman, 508 F.2d 415 (6th Cir.1975). However, unless the movant meets its burden of proof, the opposing party is not required to come forward with rebuttal evidence. Adickes, 398 U.S. at 161. Although perilous, this was the course that Taulbee chose.
 
 
 6
 In support of its motion, Quanex offered the testimony of Robert Misslitz, the Superintendent for Cold Draw and Finishing, that he and the Plant Manager, John Yetso, made the decision to utilize performance evaluations in determining whom Quanex should lay off. By affidavit, Misslitz stated that Taulbee's heart condition did not enter into this evaluation.
 
 
 7
 Taulbee contends that the district court incorrectly determined that Quanex met its burden under Rule 56(c).
 
 
 8
 In Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), we required the moving party to show conclusively that there was no genuine issue of material fact for trial. We agree with the district court that Quanex has made this showing. Therefore, it was incumbent upon Taulbee, as the opposing party, to give some indication that he could prove a set of facts which would entitle him to a verdict. Hooks v. Hooks, 771 F.2d 935, 946 (6th Cir.1985). He has not done so.
 
 
 9
 In a memorandum to the trial court, Taulbee opposed summary judgment, contesting the inferences to be drawn from the facts in this case. In this appeal, he also asserts that his deposition testimony creates a genuine issue regarding Quanex's "state of mind." We cannot agree. While deposition testimony is evidence, "state of mind" is not a talisman that will always defeat summary judgment. Stepanischen v. Merchants Despatch Transportation Corp., 722 F.2d 922, 929 (1st Cir.1983). When a valid motion for summary judgment has been made upon a showing that relevant materials fail to show the existence of a genuine issue of material fact, and the party opposing the motion has failed, as in this case, to "set forth the specific facts showing that there is a genuine issue for trial," he cannot go to the jury on "the hope that something can be developed at trial." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 290, reh'g. denied, 393 U.S. 901 (1968).
 
 
 10
 The decision of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation