HEBERT v AETNA INDUSTRIES, INC

Docket No. 110303. Submitted August 2, 1989, at Detroit. Decided October 20, 1989.

Lucian Hebert brought an employment discrimination action against Aetna Industries, Inc., in Macomb Circuit Court, alleging that defendant refused to employ him because of his failure to obtain certification as a vocationally handicapped person and that such refusal constituted discrimination under the Michigan Handicappers' Civil Rights Act. Defendant alleged that, while it had been suggested that plaintiff seek certification as a vocationally handicapped person because of a prior compensable work-related disability, plaintiff had not been denied employment by reason of the failure to secure such certification but, rather, plaintiff had never returned and it was assumed that he had lost interest in the job. Plaintiff moved for summary disposition on the basis that requiring plaintiff to seek certification as a vocationally handicapped person constituted discrimination per se under the Handicappers' Civil Rights Act. The trial court, John B. Bruff, J., denied the motion, holding that it was not discrimination per se and there was a jury question as to why plaintiff was not hired. The jury returned a verdict of no cause of action. Plaintiff appealed.

The Court of Appeals *held:*

Requesting as part of the employment process that a person who admits that he has had a prior work-related compensable injury seek certification as a vocationally handicapped person does not constitute employment discrimination per se under the Michigan Handicappers' Civil Rights Act. The trial court properly denied plaintiff's motion for summary disposition and let the question of the reason why plaintiff was not employed go to the jury.

Affirmed.

CIVIL RIGHTS — HANDICAPPERS' CIVIL RIGHTS ACT — WORKERS' COMPENSATION — VOCATIONALLY HANDICAPPED PERSONS.

It is not a violation per se of the Michigan Handicappers' Civil

REFERENCES

Am Jur 2d, Job Discrimination §§ 110, 124, 295.

Construction and effect of state legislation forbidding job discrimination on account of physical handicap. 90 ALR3d 393.

Rights Act for an employer to request that a person who is seeking employment but who had a previous compensable work-related disability seek certification as a vocationally handicapped person pursuant to MCL 418.905; MSA 17.237(905).

*Boyer, Churilla & Dawson, P.C.* (by *Donald M. Churilla* and *Gregory M. Filar*), for plaintiff.

*Berry, Moorman, King & Hudson, P.C.* (by *Sheryl A. Laughren*), for defendant.

Before: SULLIVAN, P.J., and BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's order of dismissal following a jury verdict of no cause of action. On appeal, plaintiff contends that the court improperly denied his earlier motion for summary disposition brought pursuant to MCR 2.116(C)(10). This case raises the question of whether it is discrimination per se under the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, for an employer to request a job applicant who reports a prior work injury to apply for certification as a vocationally handicapped person pursuant to § 905 of the Worker's Disability Compensation Act (WDCA), MCL 418.905; MSA 17.237(905). For the reasons stated below, we conclude that it is not and affirm.

On July 22, 1985, plaintiff applied for a position as a welder with defendant. Plaintiff was given and passed the welder's test. Defendant requested that plaintiff submit to a physical examination. During the examination, plaintiff disclosed that he had previously suffered an injury to his back for which he had received worker's compensation ben-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

efits and had missed approximately one month of work. The examining physician recommended that plaintiff not be employed until more information was obtained. Defendant requested that plaintiff obtain a release from his attending physician and seek certification as a vocationally handicapped person from the Division of Vocational Rehabilitation of the Department of Education. Plaintiff alleges that he obtained the required releases from his physicians but could not obtain certification as a vocationally handicapped person because he lacked a discernible physical injury or impairment. He asserts that he returned to defendant with the completed forms but was denied employment. Defendant alleges that plaintiff never returned and that it assumed plaintiff had lost interest in the job.

On August 27, 1985, plaintiff brought the instant action under the HCRA, alleging that he was denied employment because of a perceived handicap. On June 24, 1987, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that it was discrimination per se to require that plaintiff apply for certification from the Division of Vocational Rehabilitation and that defendant unlawfully discriminated against him because of a perceived handicap. In an opinion and order issued on September 11, 1987, the court denied plaintiff's motion, finding that defendant's request to seek certification was not discriminatory per se and that there existed a question of fact as to why plaintiff was not hired. On December 23, 1987, the court denied plaintiff's request for reconsideration or, in the alternative, an order clarifying the denial of the plaintiff's motion for summary disposition. Trial in this matter took place between June 2, 1988, and June 8, 1988, and the jury returned a verdict of no cause of action. On June

30, 1988, the court filed the final order, dismissing plaintiff's case with prejudice.

Plaintiff's claim on appeal is that his motion for summary disposition was improperly denied. A motion for summary disposition brought under MCR 2.116(C)(10) tests whether there exists factual support for a claim or a defense. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988), lv den 431 Mich 877 (1988). Giving the benefit of all reasonable doubt to the opposing party, the court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ. *Weeks v Bd of Trustees, City of Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987), lv den 429 Mich 870 (1987). A reviewing court should be liberal in finding that a genuine issue of material fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). A court must be satisfied that it is impossible for a claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo, supra* at 371.

In order to establish a claim of discrimination, plaintiff must show that defendant violated a provision of the HCRA. The relevant provision, MCL 37.1202; MSA 3.550(202), provides:

> (1) An employer shall not:
> (a) Fail or refuse to hire, recruit, or promote an individual because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.
>
> \* \* \*
>
> (c) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a handicap that

is unrelated to the individual's ability to perform the duties of a particular job or position.

(d) Fail or refuse to hire, recruit, or promote an individual on the basis of physical or mental examinations that are not directly related to the requirements of the specific job.

"Handicap" is defined in MCL 37.1103(b); MSA 3.550(103)(b) as

a determinable physical or mental characteristic of an individual or a history of the characteristic which may result from disease, injury, congenital condition of birth, or functional disorder which characteristic:

(i) For purposes of article 2, is unrelated to the individual's ability to perform the duties of a particular job or position, or is unrelated to the individual's qualifications for employment or promotion.

Thus, for an employee to prevail, two requirements must be met: (1) the employer's failure to hire or place must have been because of a handicap, and (2) the handicap must be unrelated to the individual's ability to perform the duties of a particular job. *Means v Jowa Security Services,* 176 Mich App 466, 472; 440 NW2d 23 (1989); *Bogue v Teledyne Continental Motors,* 136 Mich App 374, 377; 356 NW2d 25 (1984), lv den 421 Mich 862 (1985).

Plaintiff claims that defendant's request that he seek certification as a vocationally handicapped person was discrimination per se. Under the WDCA, a person may seek certification as a vocationally handicapped person pursuant to MCL 418.905; MSA 17.237(905), which provides in part:

An unemployed person who wishes to be certified as vocationally handicapped for purposes of

this chapter shall apply to the certifying agency on forms furnished by the agency. The certifying agency shall conduct an investigation and shall issue a certificate to a person who meets the requirements for vocationally handicapped certification.

MCL 418.921; MSA 17.237(921) limits an employer's liability for a work-related injury of a person certified as vocationally handicapped. Thus, employers are encouraged to hire handicapped persons because their liability is significantly limited.

Defendant's request that plaintiff apply for certification as a vocationally handicapped person does not, per se, violate the provisions of the HCRA. The trial court properly found that there was a question of fact as to whether defendant failed to hire plaintiff because of a handicap, because the issue of whether plaintiff returned to defendant's office with the completed forms was in dispute. Further, a request that an individual apply for the certification does not, per se, show that defendant would refuse to hire plaintiff, or limit his prospect of employment, if he could not get certified.

Further, we do not believe that an employer should be prohibited from requesting that a prospective employee apply for certification. It is unlikely that unemployed individuals would be as well-informed as employers about the opportunity to become certified. Thus, to preclude an employer from informing applicants about the procedure and requesting that they seek certification would defeat the benefits, for both employers and employees, provided by Michigan's vocationally handicapped law.

The trial court did not err in denying plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10).

Affirmed.