889 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jacob A. RZANCA, Plaintiff-Appellant Cross-Appellee,
v.
KIMBERLY-CLARK CORPORATION, Defendant-Appellee Cross-Appellant.
 Nos. 88-1983, 88-2050.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Jacob A. Rzanca, appeals the district court's denial of reinstatement and its rulings as to attorney fees and costs upon a jury verdict in his favor in this employment discrimination action brought under Michigan's Handicapper's Civil Rights Act, Mich.Comp.Laws Ann. Secs. 37-1101 et. seq (West 1985). Defendant, the Kimberly-Clark Corporation, cross-appeals the court's denial of its motion for judgment notwithstanding the verdict. For the reasons which follow, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.
 
 I.
 
 2
 On October 29, 1984, Rzanca was hired by the Kimberly-Clark Corporation, a paper mill operator located in Munising, Michigan. Rzanca was hired as one of a group of approximately twelve probationary employees who were to serve a ninety-day trial period of employment before becoming regular full-time employees. As a condition of employment, Kimberly-Clark required all applicants to receive a pre-employment physical examination. However, Kimberly-Clark hired and assigned Rzanca to a laborer's position prior to receiving the results of his physical examination. X-rays from Rzanca's physical revealed "lumbosacral disk degeneration at the L5-S1 level, with both anterior and posterior osteophytosis at this level, the posterior osteophytosis being consistent with posterior disprotrusion into the spinal canal." J.App. at 406. Dr. Ripu Arora, the non-company physician who performed Rzanca's physical, informed Kimberly-Clark's Health Services personnel of Rzanca's abnormal back condition. Upon receipt of the X-ray results, Kimberly-Clark's Human Resources division attempted to have Rzanca vocationally certified pursuant to the Michigan Worker's Disability Compensation Act, MCL Sec. 418.901.941 (West 1985). Certification would limit Kimberly-Clark's liability in the event Rzanca was injured on the job. Rzanca did not qualify for certification, however, because the statute did not apply to persons already employed. Id. Dr. Arora concluded from a re-examination that it was not possible to determine whether Rzanca's back condition would worsen and ultimately affect his job performance.
 
 
 3
 Rzanca was discharged from employment on the November 21, 1984, the nineteenth day of his ninety-day probationary period. He alleges that defendant-appellee Kimberly-Clark terminated his employment for a physical impairment unrelated to his ability to perform his job, in violation of Michigan's Handicapper's Civil Rights Act. Rzanca originally filed suit in Alger County Circuit Court, State of Michigan. Kimberly-Clark removed the suit to the United States District Court for the Western District of Michigan on grounds of diversity of citizenship. 28 U.S.C. Sec. 1332.
 
 
 4
 MCL Sec. 37.1202(1)(b) provides that "[a]n employer shall not [d]ischarge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position." To prove his discrimination claim, Rzanca first had to establish that: 1) he was a member of the group protected by the Handicapper's Act; 2) he was technically and physically qualified to perform the work in question; and 3) despite his qualifications, he was terminated under circumstances which imply unlawful discrimination. Bogue v. Teledyne Continental Motors, 356 N.W.2d 25, 27 (Mich.App.1984). Kimberly-Clark was then required to offer a non-discriminatory business justification for the plaintiff's discharge. Id. If the mill's non-discriminatory reason for its conduct created a genuine factual dispute about whether Rzanca had been discriminated against, Rzanca had to show by a preponderance of the evidence that Kimberly-Clark's stated reason was pretextual. Id.
 
 
 5
 At trial, Kimberly-Clark contended that an incident of insubordination had led to Rzanca's termination. The record reveals that on November 8, 1984, Kimberly-Clark foreman Gerald Maxon instructed Rzanca to retrieve stock from a storage area. Rzanca, apparently without personally checking the storage area, informed the foreman that another employee had already discovered that the paper the foreman requested was not in stock. Rzanca admits that he responded irritably to the foreman's insistence that he personally check the storage area.
 
 
 6
 As a result of the November 8 incident, Rzanca received an unacceptable rating on his probationary reviews in the category of "team attitude." No other probationary employee received as low a rating in this category, but Rzanca's overall probationary ratings placed him at nine out of a class of twelve probationary employees. J.App. at 608. To counter Rzanca's contention that the insubordination incident was a pretext for his discharge, Kimberly-Clark presented evidence that another probationary employee, Harold Haglund, had a back condition which was detected after he began working at the mill. Like Rzanca, Haglund was ineligible for vocational certification. Haglund passed his probationary period and remains employed at the mill today.
 
 
 7
 Prior to trial, Kimberly-Clark offered Rzanca a settlement of $10,000.00, inclusive of costs, which Rzanca rejected. The jury returned a verdict in favor of Rzanca. It found that from November 21, 1984 to the date of trial, April 22, 1988, Rzanca suffered $10,000.00 in damages but would not continue to suffer loss so as to be entitled to future damages. Id. at 75. Upon entry of judgment, Rzanca filed motions for additur or a new trial as to damages, attorney fees, costs and reinstatement. Kimberly-Clark filed motions for a judgment notwithstanding the verdict, or in the alternative, a new trial. In an August 26, 1988 Order and Opinion, Judge Bell granted Rzanca $6,226.25 in attorney fees and $70.48 in costs. All other relief requested by the plaintiff was denied. Id. at 24-25. The court also denied Kimberly-Clark's motion for judgment notwithstanding the verdict or a new trial.
 
 II. Rzanca's Appeal
 A. New Trial as to Damages
 
 8
 In his appeal, Rzanca argues that the trial court abused its discretion by denying Rzanca's motion for a new trial as to damages. Rzanca contends that the jury's award of only $10,000.00 in damages is inadequate in view of lost wages exceeding $70,000.00. The district court's denial of Rzanca's motion for a new trial as to damages is reviewed pursuant to an abuse of discretion standard. Schaeper v. Edwards, 306 F.2d 175, 177 (6th Cir.1962). A district court should grant a motion for a new trial as to damages if the jury's award is substantially less than the damages proven by the plaintiff's evidence. See id.
 
 
 9
 Kimberly-Clark argues that Rzanca's desired damage award does not take into account lay-offs that occurred because of lack of work at the mill. Evidence was presented that persons who began working at the mill around the same time as Rzanca were laid off from January 14, 1985 to May 6, 1985. Kimberly-Clark also argues that evidence of Rzanca's insubordination could properly have led the jury to conclude that his tenure at the mill would have been brief even if his disability were not a significant factor in his dismissal. Finally, Kimberly-Clark speculates that the jury could have found Rzanca's effort to mitigate his damages to be unconvincing. While we do not attribute total credence to Kimberly-Clark's arguments, we are constrained by the abuse of discretion standard. In light of the many factors which the jury could have used in arriving at the $10,000.00 figure, including those delineated by Kimberly-Clark, we cannot say that its award was substantially at variance with the evidence presented at trial. See id. at 177. We therefore affirm the district court's denial of Rzanca's motion for a new trial.
 
 B. Reinstatement
 
 10
 Rzanca next argues that because the jury found that Kimberly-Clark had unlawfully discriminated against him, he is entitled to reinstatement to his former position at the mill. MCL Sec. 37.1606(1) authorizes the court to reinstate a plaintiff who prevails in an action brought under the Handicappers' Act. However, reinstatement is not automatic, and its determination rest with the court as a matter of equity. Rancour v. Detroit Edison Company, 388 N.W.2d 336, 343 (Mich.App.1986). Rzanca asks this court to apply to his case a rebuttable presumption in favor of reinstatement that we have applied to cases brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. See In re Lewis, 845 F.2d 624, 630 (6th Cir.1988) ("Once discrimination is found, reinstatement should be granted absent exceptional circumstances."). However, we limit our discussion to the question of whether the district court's denial of reinstatement is consistent with the jury's finding of discrimination. In a suit in federal court where both legal and equitable relief is sought, a judge must, as a matter of federal law, make findings on equitable claims that are consistent with the jury's findings on legal claims. Id. at 628-629.
 
 
 11
 While not always dispositive in determining the propriety of reinstatement, we note the jury specifically found that Rzanca was entitled to no future damages. In order to determine future damages, the jury was instructed to ascertain "such sum as will reasonably compensate the Plaintiff for any loss of future earning power proximately caused by the injury in question which you find from the evidence in the case the Plaintiff is reasonably certain to suffer." J.App. at 328. Future damages or front pay is compensation for "the post-judgment effects of past discrimination." Shore v. Federal Express Corp., 777 F.2d 1155, 1158 (6th Cir.1985). Normally, an award of front pay obviates reinstatement, and vice versa. See id. In view of the factors the jury considered in determining Rzanca's future loss, we believe that the court's denial of reinstatement comports with the jury's verdict. We therefore affirm the district court.
 
 
 12
 C. Attorney Fees.
 
 
 13
 Rzanca also argues that the trial court improperly awarded attorney fees of only $6,226.25. MCL Sec. 37.1606 permits the award of attorney fees under the Handicappers' Act. The award of attorney fees under the statute is a matter of the district court's discretion. Rancour, 388 N.W.2d at 343. Rzanca contends that the district court erroneously determined that because Kimberly-Clark's offer of judgment for $10,000.00 was identical to the jury verdict, Rzanca should not be awarded for attorney fees incurred after the offer of judgment. We agree with Rzanca that the district court erred. Kimberly-Clark's offer of judgment was inclusive of costs. J.App. at 65. In addition, MCL Sec. 37.1606(3) includes attorney fees in its definition of "damages." When the district court's attorney fee award and award of costs are added to the jury's verdict, their sum approximates $16,000.00, substantially more than the jury's verdict. We therefore find that the trial court abused its discretion in failing to award attorney fees incurred after Kimberly-Clark's offer of judgment and remand the case to the district court for a redetermination of attorney fees.
 
 D. Costs
 
 14
 Finally, Rzanca alleges that the district court misconstrued Fed.R.Civ.P. 68 in awarding costs of only $70.48. The trial court limited Rzanca's costs to filing and service fees of $70.48 because Rzanca did not obtain a verdict that was greater than Kimberly-Clark's offer of settlement. J.App. at 25. It held that under Rule 68, Rzanca was not entitled to the costs of trial. Id. However, when the verdict is added to the court's award of attorney fees, as required by MCL Sec. 37.1606(3), Rzanca is removed from Rule 68's restriction that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer." Because Rzanca's judgment exceeded Kimberly-Clark's offer of judgment, we reverse the trial court and remand the issue of costs for a redetermination to include costs related to trial.
 
 III. Kimberly-Clark's Cross Appeal
 
 15
 In its cross-appeal,[1] Kimberly-Clark argues that the district court's denial of judgment notwithstanding the verdict was inappropriate because Rzanca did not establish a prima facie case of discrimination, and assuming it did, the mill offered overwhelming evidence of a legitimate business reason for Rzanca's discharge. In diversity cases within the Sixth Circuit, the state law test is employed for resolving questions regarding the sufficiency of the evidence. Dabrowski v. Warner-Lambert Company, 815 F.2d 1076, 1078 (6th Cir.1987). "Under Michigan law a court reviewing the denial of a motion for a directed verdict or judgment non obstante veredicto 'is limited ... to the question of whether the party opposing the motion offered evidence about which reasonable minds could differ.' " Id. (quoting Perry v. Hazel Park Harness Raceway, 332 N.W.2d 601, 604 (Mich.App.1983)). Kimberly-Clark's arguments center on the importance of the team attitude category in which Rzanca received the lowest rating of any probationary employee. However, Rzanca was not discharged until some ten days after the insubordination incident, even though insubordination is grounds for immediate dismissal. Because of Kimberly-Clark's delay in dismissing Rzanca, the jury could have reasonably refused to believe that Rzanca's acts on November 8, 1984 were insubordination. Indeed, the foreman at whom Rzanca raised his voice never recommended that Rzanca be discharged and was never even asked his opinion on the matter. J.App. at 206-07.
 
 
 16
 Kimberly-Clark also argues that Rzanca's back condition was irrelevant to his discharge because it employed probationary employee Harold Haglund, who also had a back condition. Although the evidence revealed that Rzanca's back condition was more severe than Haglund's, Kimberly-Clark contended its Human Resources division, which makes hiring and discharge decisions, had no knowledge of which employee's back condition was worse. However, Elizabeth Benzie of Kimberly-Clark's Health Services division testified that the company did not have an established policy about communication of information regarding an employee's abnormal medical condition to Human Resources. See id. at 317-19. A jury could reasonably conclude that Human Resources had sufficient information about the severity of both Rzanca and Hagland's back conditions to assess its potential workers compensation liability and to act to reduce its risks. Because reasonable minds could clearly disagree on the question of whether Rzanca was unlawfully discharged, the jury's finding of liability should not be disturbed. Dabrowski, 815 F.2d at 1078.
 
 B. Exclusion of MDCR Report
 
 17
 Kimberly-Clark also cross-appeals the district court's exclusion of a Michigan Department of Civil Rights (MDCR) report on Rzanca's discharge. The district court excluded the report because it was simply "a claim made to another forum" and because counsel for Kimberly-Clark did not propose to extract statements made by Rzanca that could be used for impeachment purposes. J.App. at 167-68. Kimberly-Clark directs this court's attention to Smith v. Universal Services, Inc., 454 F.2d 154 (5th Cir.1972), where the court held that an Equal Employment Opportunity Commission report's findings of probable cause in a religious discrimination suit should have been admitted into evidence because they were "highly probative of the ultimate issue." Id. at 157. We view the district court's ruling in the case at bar as consistent with Smith. The district court determined that the MDCR report would be probative if used for certain purposes such as impeachment, but not merely to show that Rzanca's claim was heard by another forum. While Smith broadly establishes the relevancy of reports like the MDCR's, it does not stand for the proposition that the uses of these reports should be unrestricted. We therefore find that the district court did not abuse its discretion in refusing to admit the MDCR report.
 
 IV.
 
 18
 For the foregoing reasons, the district court's judgment is AFFIRMED in part and VACATED in part, and the case is REMANDED to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 While Rzanca timely perfected his appeal to this court, Kimberly-Clark filed its notice of cross-appeal one day after the time limit of Rule 4(a)(3), Fed.R.App.P. This court may excuse a late notice of appeal where the tardy party relied on actions of the court in filing its untimely papers. See Birrell v. Brown, 867 F.2d 956, 957 (6th Cir.1989). Because Kimberly-Clark relied on the representations of court personnel in filing its late cross-appeal, we take the exceptional step of excusing its tardiness